# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY ___AP___ D.C.

**Mar 16, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 16, 2020

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 17-15192-EE
Case Style: Devon Chance v. USA
District Court Docket No: 0:16-cv-61354-DMM
Secondary Case Number: 0:08-cr-60090-DMM-2

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 17-15192

_____

District Court Docket Nos.
0:16-cv-61354-DMM; 0:08-cr-60090-DMM-2

DEVON CHANCE,

                        Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                        Respondent - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: January 22, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE 03/16/2020

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15192
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61354-DMM; 0:08-cr-60090-DMM-2

DEVON CHANCE,

                Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 22, 2020)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

This case returns to us on remand from the Supreme Court for further consideration in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). We now reverse in part the district court's order denying Chance's § 2255 motion, vacate Chance's conviction for conspiracy to possess a firearm during and in relation to conspiracy to commit Hobbs Act robbery, and remand for resentencing.

I.

A federal jury found Chance guilty of six counts of Hobbs Act robbery, 18 U.S.C. § 1951(a); six counts of possession of a firearm during and in relation to a crime of violence (predicated on the Hobbs Act robbery offenses), 18 U.S.C. § 924(c)(1); one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); and one count of conspiracy to possess a firearm during and in relation to a crime of violence (predicated on the conspiracy to commit Hobbs Act robbery offense), 18 U.S.C. § 924(o). The district court sentenced Chance to a total of 1,794 months' imprisonment, 60 months' supervised release, and fines totaling $1,400. Chance's convictions and sentence were affirmed on direct appeal, *United States v. Lewis*, 433 F. App'x 844 (11th Cir. 2011) (unpublished), and the district court subsequently denied his first § 2255 motion.

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), holding that the definition of "violent felony" in § 924(e)(2)(B)(ii) of the Armed Career Criminal Act—commonly called the

"residual clause"—was unconstitutionally vague, we granted Chance leave to file a second § 2255 motion on the limited issue of whether his conviction for conspiracy to possess a firearm during and in relation to a "crime of violence," predicated on conspiracy to commit Hobbs Act robbery, was affected by *Johnson*.

Once given leave to do so, Chance filed a second § 2255 motion in the district court, arguing (as relevant here) that conspiracy to commit Hobbs Act robbery could no longer serve as a predicate crime of violence because *Johnson* had rendered § 924(c)'s residual-clause definition of that term invalid and the offense did not otherwise meet the statutory definition of "crime of violence."[1]

The district court denied Chance's § 2255 motion but granted him a certificate of appealability on the issue of whether *Johnson* affected § 924(c)'s residual clause, and Chance appealed. Based on our en banc opinion in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018)—in which we held that *Johnson* did not affect § 924(c)(3)(B)—we affirmed. In *Davis*, however, the Supreme Court applied its reasoning from *Johnson* and held that the residual clause in § 924(c)(3)(B) was unconstitutionally vague. The Supreme Court granted Chance's petition for

---

[1] Section 924(c)(3) defines a "crime of violence" as a felony offense that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"), or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(A)–(B).

3

certiorari, vacated our opinion, and remanded for further consideration in light of *Davis*.

II.

Having considered the effect of *Davis* on Chance's claim, we conclude that Chance's § 924(o) conviction cannot stand. Section 924(o) makes it a crime to conspire to use, carry, or possess a firearm during and in relation to or in furtherance of a "crime of violence," as that term is defined in § 924(c)(3). 18 U.S.C. § 924(o); *see id.* § 924(c)(1)(A). After *Davis*, only § 924(c)(3)'s elements-clause definition of "crime of violence" remains intact. This means that Chance's § 924(o) conviction is valid only if the predicate crime, conspiracy to commit Hobbs Act robbery, "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). We recently held that it does not. *See Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019).

Because conspiracy to commit Hobbs Act robbery does not qualify as a § 924(c) "crime of violence" and Chance's conviction for conspiracy to use and carry a firearm during and in relation to a crime of violence (Count 2 of the indictment) was predicated solely on conspiracy to commit Hobbs Act robbery, his conviction on Count 2 is invalid. We therefore reverse the district court's denial of Chance's § 2255 motion as to Count 2 only, vacate Chance's conviction on Count

4

2, and remand for resentencing in accordance with this opinion.  We affirm the district court's denial of relief in all other respects.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**