UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60090-CR-
MIDDLEBROOKS
(Case No. 16-CV-61354)

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DEVON CHANCE.

    Defendant.

_____/

**MOTION FOR ORDER ON MANDATE GRANTING § 2255
MOTION, VACATING COUNT 2 CONVICTION,
AND SETTING CASE FOR RESENTENCING**

Defendant, DEVON CHANCE, through undersigned previously appointed counsel, respectfully requests that the Court enter an order on the mandate issued March 16, 2020, granting his § 2255 motion and vacating his conviction on Count 2. In addition, Defendant requests that before entering an Amended Judgment, the Court exercise its discretion under the "sentencing package doctrine" to resentence him on all remaining counts consistent with current law.[1] In support of that request, he states:

1. On March 16, 2020, the Eleventh Circuit held that CHANCE'S Count Two § 924(o) conviction was "invalid" after the Supreme Court's holding in *United States*

---

[1] In the related and companion case of co-defendant Curtis Solomon, this like motion was filed which is now being filed on behalf of CHANCE herein.

3

*v. Davis*, 588 U.S._ , 139 S.Ct. 2319 (2019) declaring the residual clause in 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague, and the Eleventh Circuit's holding in *Brown v. United States*, 942 F.3d 1069 (11th Cir. Nov. 12, 2019) holding that Conspiracy to commit Hobbs Act robbery is not a qualifying "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A). *Chance v. United States*, Case No. 17-15192 (11th Cir. March 16, 2020). In so holding, the Eleventh reversed this Court's prior denial of § 2255 relief, declined the government's request for affirmance under the concurrent sentence doctrine – explaining that it was vacating not only CHANCE'S sentence but also his underlying conviction for Count 2, and remanded the case to this Court for resentencing.

2. The mandate issued in this case on March 16,2020. Accordingly, jurisdiction has now returned to this Court, which permits the Court to grant CHANCE'S motion and to resentence him at this time.

3. Title 28 U.S.C. § 2255(b) states that whenever a court grants a motion to vacate, it shall "set the judgment aside," and either "discharge the prisoner or *resentence* him or grant a new trial *or correct the sentence as may appear appropriate*." (Emphasis added) The Eleventh Circuit has read that provision

> to establish a two-step process. First, the court must "vacate and set the judgment aside." *Id*. Second, the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence.

*United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018). The court has the discretion to choose whichever remedy appears most "appropriate." *United States v. Mixon*, 115 F.3d 900, 903 (11th Cir. 1997).

Remedies (1) and (3) are clearly inapplicable here. And a mere "correction" of the Count 2 sentence as authorized in (4), would not be a sufficient remedy since the

error was not simply in the sentence on Count 2, but in the underlying Count 2 *conviction*. Plainly, the "appropriate" remedy requires – at minimum – issuance of an Amended *Judgment* that no longer includes the Count 2 conviction *or* sentence (making sure to exclude the $100 fine separately imposed for that count previously as well). However, the amendment to the prior judgment should not end there. As explained below, the language in § 2255(b) expressly confers discretion on the district court to resentence CHANCE on his remaining counts. And for the reasons that follow, a resentencing *de novo* on the other counts is the "appropriate" remedy under the circumstances presented here.

  4. It is well-established that when a defendant succeeds in getting one or more convictions vacated on direct appeal, the district court may resentence the defendant on all remaining counts. The reason is simple. As both the Supreme Court and the Eleventh Circuit have recognized: a "criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent." *Pepper v. United States*, 562 U.S. 476, 507 (2011) (citing *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996)); *United States v. Fowler*, 749 F.3d 1010, 1017 (11th Cir. 2014) (noting that the Court has always "presumed that sentences on each count of a multi-count indictment are part of a package that may, without a case specific inquiry, be revisited").

  As the Eleventh Circuit explained in *Fowler*, this rule – referred to as the "sentencing package doctrine" – is "not so much a doctrine as it is a common judicial practice grounded in a basic notion of how sentencing decisions are made in cases involving multiple counts of conviction." *Id.* at 1015 (11th Cir. 2014). *See id.* ("in the guidelines era, sentencing on multiple counts is an inherently interrelated,

3

interconnected, and holistic process which requires a court to craft an overall sentence – the 'sentence package' – that reflects the guidelines and the relevant § 3553(a) factors.").

Notably, the sentencing package doctrine applies to cases on collateral review, just as it does to those on direct appeal. As other circuits have rightly recognized, Congress's express authorization in § 2255(b) to "set aside or correct *the sentence*" necessarily means that the district court has the power to impose a reduced overall aggregate sentence, even when a prisoner's petition attacked only the validity of one count of conviction. *United States v. Smith*, 103 F.3d 531, 534-55 (7th Cir. 1996); *United States v. Binford*, 108 F.3d 723, 728 (7th Cir.1997); *United States v. Smith*, 115 F.3d 241 (4th Cir. 1997) ("[t]he term 'sentence' in § 2255 does not refer to a specific offense. Rather, 'sentence' must be viewed in the aggregate") (citation omitted). And even beyond the fact that the "plain language of § 2255" does "not restrict the word 'sentence,'" § 2255(b) also quite significantly "authorizes the court to act '*as may appear appropriate*.'" *United States v. Davis*, 112 F.3d 118, 121 (3d Cir. 1997) (emphasis added) (finding that the latter language "confers upon the district court broad and flexible power in its actions following a successful § 2255 motion").

The Eleventh Circuit has long agreed with its sister courts that where even one count of a multi-count conviction has been vacated on collateral review, the district court has the discretion to reconsider the sentences previously imposed and resentence the defendant on the other (unchallenged) counts. Indeed, in *United States v. Mixon*, 115 F.3d 900 (11th Cir. 1997), the Eleventh Circuit expressly followed the Third Circuit in *Davis*, in finding that "the language of section 2255 and the

5

interdependence of the multiple counts for sentencing purposes" conferred discretion on the district court to adjust the defendant's sentences on unchallenged counts. *Id.* at 903.

And in fact, the Court has continually reaffirmed that rule to this day. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1318 n. 7 (11th Cir. 2002) (Middlebrooks, J.) (explaining that *Mixon* and other § 2255 cases applying the sentencing package doctrine on collateral review "hinge upon statutory construction of 28 U.S.C. § 2255"); *United States v. Pearson*, 940 F.3d 1210, 1215 n. 10 (11th Cir. 2019) (noting that the "sentencing package doctrine" allowed the district court to modify the sentences on two unchallenged bank robbery counts, after vacating a § 2255 movant's ACCA sentence on a separate § 922(g)/924(e) count in light of *Johnson*, even though the bank robbery counts "were authorized by law and not open to attack;" explaining that in *Mixon* the Court had followed the Third Circuit's conclusion that § 2255(b) "confers upon the district court broad and flexible power in its actions following a successful § 2255 motion"); *see also Fowler*, 749 F.3d at 1017 (explaining that "it would not matter if [the defendant's] Count 1 conviction had been set aside in a § 2255 proceeding instead of as a result of his direct appeal because in the present, post-guidelines era there is no difference").

Accordingly, whether "a conviction on one or more of the component counts is vacated for good" *either* on direct appeal *or* on collateral review, the well-settled rule in this Circuit is that the district court is "free to reconstruct the sentencing package

... to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances." *Fowler*, 749 F.3d at 1015; *United States v. Thomason*, 940 F.3d 1166, 1172 (11th Cir. 2019) (reaffirming, in a § 2255 case, that after vacating one count in a multi-count conviction, the district court indeed "has the discretion to determine whether it needs to conduct a full resentencing to ensure that the sentence remains 'sufficient, but not greater than necessary, to comply with the purposes [of sentencing in section 3553(a)]'").

5. Consistent with these precedents, in *United States v. Cross*, Case No. 19-23977-cv-UU/Reid, Magistrate Reid recommended – and Judge Ungaro found – that where, as here, a § 924(o) conviction was vacated in a § 2255 proceeding based on *Davis*, which rendered the defendant "actually innocent" of his conviction on that count, he should be resentenced on his remaining Hobbs Act conspiracy count. *See Cross*, DE 12 (Report and Recommendation noting that "When a court grants a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, after vacating and setting aside the [prior] judgment, it must "choose among four distinct remedies" including resentencing the prisoner; finding a resentencing on the remaining substantive conviction "the appropriate remedy;" citing *Brown*, 879 F.3d at 1235); DE 13 (district court's order agreeing with the R & R; granting the § 2255 motion; vacating the § 924(o) conviction; and setting the case for resentencing).

6. Under the above authorities, this Court unquestionably has the discretion to vacate and reconsider C H A N C E ' S sentences on his remaining counts after

6

vacating his Count 2 conviction. And the Court should now exercise its discretion to resentence CHANCE *de novo* on both the underlying Hobbs Act robbery counts, and the § 924(c) counts, because there have been two significant clarifications in the law since the 2009 sentencing that are directly applicable here.[1] *First*, the Supreme Court clarified in *Dean v. United States*, 137 S.Ct. 1170 (2017) that a district court has "authority" to take into account the harshness of the consecutive minimum mandatory penalties under § 924(c) in imposing a "just sentence" on the predicate counts. *Second*, Congress clarified in Section 403 of the First Step Act of 2018, that a consecutive 25-year sentence is permissible only if the defendant was previously convicted of a § 924(c) offense in a prior case which has become final.

7. With regard to the first clarification, when the Court imposed sentences on the substantive Hobbs Act robbery counts in 2009, it could not have anticipated the Supreme Court's decision eight years later in *Dean*. In that case, the Supreme Court rejected the government's longstanding position that the language of § 924(c) itself – specifically the requirements of a consecutive sentence and the bar on imposing concurrent sentences – deprived a district court of discretion to take into account the harsh sentences mandated for the defendant's § 924(c) counts, in determining a just sentence for the predicate count(s). *Id.* at 117. Although the government claimed

---

[1] The "general rule" is that the defendant is entitled to be resentenced under the law in effect at the time of resentencing. *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998); *United States v. Hinds*, 713 F.3d 1303, 1304-05 (11th Cir. 2013); *United States v. Hudson*, 685 F.3d 1260, 1260-61 (11th Cir. 2012) (en banc) (Fair Sentencing Act applied to defendants resentenced on collateral review).

7

that Congress intended "to prevent district courts from bottoming out sentences for predicate § 924(c) offenses whenever they think a mandatory minimum under § 924(c) is already punishment enough," the Supreme Court found that claim completely unsupported – noting that "no such intent finds expression in the language of § 924(c)." *Id.* at 1178.

In so holding, the Court made clear for the first time in *Dean* that because nothing in § 924(c) itself "prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense," the district court indeed has the "authority" under § 3553(a) and "related provisions" (such as 18 U.S.C. § 3582(a)) to take the harsh consecutive minimum sentences mandated for the § 924(c) counts into account "when calculating a *just sentence* for the predicate count." *Id.* at 1176-77 (emphasis added). And notably, in so stating, the Court in *Dean* further clarified that the § 924(c) and predicate count sentences are in fact interrelated, and that the harshness of mandatory consecutive terms may indeed require a reduction of the term on the predicate counts for the sentence to be "just." Finally, by explicitly recognizing twice in *Dean* that a district court even has discretion to impose a sentence of simply "*one day*" on the substantive count, to mitigate the harshness of consecutive § 924(c) terms, *see id.* at 1177, the Court suggested that such a sentence would in fact be the "just" sentence on the predicate counts in a case with as many stacked § 924(c) sentences as this one.

None of this was understood by the parties or the Court at the 2009 sentencing. And it appears from the sentencing transcript that a correct understanding on this

point might well have made a difference in the sentence the court ultimately imposed on the predicate counts. Counsel sought a "downward departure" due to the lengthy stacking of these firearm charges (stacking unconstitutional, as defense counsel had argued at his sentencing and in his Sentencing Memorandum). While allowing counsel to preserve his argument as to the unconstitutionality, irrationality, and "cruel and unusual" nature of the mandatory stacking scheme that the Supreme Court had upheld in *Deal v. United States*, 508 U.S. 129 (1993), the Court found it simply did not "have any authority to deal with" any of the issues counsel had raised.

The Court plainly now has that "authority" as a result of the Supreme Court's decision in *Dean*. And CHANCE asks the Court to exercise that now-clarified "authority" to impose a sentence of only "one day" on his predicate counts at this time, for the reasons outlined in *Dean*. Such a sentence would be the "just" one under the circumstances. It would avoid "unwarranted disparities" with defendants convicted of like offenses but sentenced after the clarification of *Dean*, § 3553(a)(6). And in light of the fact that CHANCE must serve numerous consecutive § 924(c) terms which will exceed any reasonable person's life expectancy even if those terms are reduced from 25 to 7 years under the First Step Act (which the Court should apply as well, for the reasons stated in ¶8 *infra*), a sentence of "one day" on the predicate counts is

certainly "sufficient but not greater than necessary" to comply with the purposes of sentencing in § 3553(a)(2).

8. With regard to the second important clarification in the law, in Section 403 of the First Step Act (the only provision in the Act that Congress titled a "Clarification"), Congress "clarified" its original intent in writing the former "second or subsequent conviction" language into § 924(c)(1)(C), by amending that provision to conform to its intent. Although that particular clarification had been in the works for some time – even at the time of the 2009 sentencing, there was a bill before Congress proposing a similar "clarification" – it is only now that this longstanding proposal to clarify § 924(c)(1)(C) has finally become law.

At the 2009 sentencing, defense counsel urged the Court to take the proposed bill into consideration by imposing a sentence under § 924(c)(1)(C) less than the consecutive 25-year terms mandated by the Supreme Court in *Deal*. He argued that the Supreme Court had simply misconstrued the language Congress wrote and its intent. But plainly, the Court had no authority in 2009 to reject the Supreme Court's construction of § 924(c)(1)(C) in *Deal*. *Deal* was then the law of the land. And indeed, that construction remained controlling law until Congress rendered it irrelevant by enacting Section 403 of the First Step Act, which clarified its original intent by striking the "second or subsequent conviction under this subsection" language altogether, and adding in its stead the very clear words: "violation of this subsection that occurs after a prior conviction under this subsection has become final." As a result of that clarifying amendment to § 924(c)(1)(C), a defendant like CHANCE who was never previously convicted of a § 924(c) offense, will be subject to consecutive

terms of 7 rather than 25 years on multiple § 924(c) convictions with brandishing in a single case.

Notably, whereas here a defendant has successfully challenged at least one count of conviction on collateral review, and he has at least one stacked term for a "second or subsequent" conviction in the same case owing to the Supreme Court's misconstruction of § 924(c)(1)(C) in *Deal*, district courts throughout the country have granted a resentencing *de novo* to such defendants to allow them take advantage of Congress' clarification in the First Step Act as to how § 924(c)(1)(C) is to be applied.[2] In all of these cases, the courts have squarely rejected the government's assertion that Section 403 does not apply upon a resentencing.

To avoid unwarranted disparities with these resentenced defendants as well as defendants currently being sentencing for the first time with the benefit of Congress' clarifying amendment to § 924(c)(1)(C) in the First Step Act, the Court

---

[2] S*ee, e.g., United States v. Acosta*, 2019 WL 4140943 (W.D.N.Y. Sept. 2019) (on remand from successful appeal of denial of a § 2255 motion, granting defendant a plenary resentencing and finding that Section 403 was applicable upon resentencing; holding that "intervening change in statutory law applies at a resentencing even though the change in law was not the basis for reversal or vacatur;" reducing sentence on second § 924(c) conviction to 5 years); *United States v. McCoy*, No. 1:92-cr-96 (S.D. Ind. 2019) (reducing total term on three § 924(c) counts to 15 years under Section 403); *United States v. Crowe*, No. 2:11-cr-20481, DE 287 & 288 (E.D.Mich. Aug. 2019) (where § 2255 was granted based upon ineffective assistance of counsel on a § 924(c) count in failing to challenge brandishing enhancement, vacating the entire sentence on all counts, and resentencing defendant on the two § 924(c) convictions by applying Section 403, reducing sentence on second § 924(c) count to 5 years); *see also United States v. Joyner*, No. 1:15-cr-255-1 (N.D.Ga. May 2019) (applying Section 403 upon remand after successful direct appeal based on a guideline error; reducing sentence on second § 924(c) count to 7 years).

should resentence CHANCE *de novo* on his § 924(c) counts consistent with the now-clarified language in § 924(c)(1)(C).

WHEREFORE, pursuant to the above argument and authorities, DEVON CHANCE respectfully requests that the Court vacate his conviction and sentence on Count 2; exercise its discretion to consider the "sentencing package" in this case anew; set this case for a resentencing *de novo* on all remaining counts; and issue an Amended Judgment imposing the minimum term of imprisonment permitted by current law on his remaining counts.

Respectfully Submitted,

By:   */s/ Michael G. Smith, Esq.*
MICHAEL G. SMITH, ESQ.
Florida Bar No. 265802
Litigation Building, Suite 500
633 South Andrews Avenue
Fort Lauderdale, Florida  33301
Tel: 954-761-7201
Smithlawdefend@aol.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   */s/ Michael G. Smith, Esq.*
MICHAEL G. SMITH, ESQ.